UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOHAMED ABDELKADIR,

    Plaintiff,

    v.

UNIVERSITY DISTRICT PARKING ASSOCIATES, INC., *et al.*,

    Defendant.

Case No. C08-0869RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendants University District Parking Associates, Inc. ("UDPA") and Mike Chartrey (collectively, "defendants"). Plaintiff worked for UDPA from 1997 until he was discharged in August 2005. Plaintiff, who is proceeding *pro se*, contends that he was harassed, not permitted to wear his religious garb, discharged in violation of his employment contract, and subject to discrimination. Plaintiff is Muslim. Plaintiff asserts a state law breach of contract claim, a claim for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and a claim under 42 U.S.C. § 1983.

For the reasons set forth below, the Court grants defendants' motion in part, dismisses

1 plaintiff's federal claims, and exercises supplemental jurisdiction over plaintiff's remaining state law claims.

## II.  DISCUSSION

**A.  Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy, 68 F.3d at 1221.

**B.  Plaintiff's Federal Claims.**

Plaintiff's complaint does not assert a claim under Section 1983, but he lists one on his civil cover sheet.  Even if plaintiff intended to assert a Section 1983 claim, it would fail as a matter of law.  UDPA is a private employer, and Chartrey is a private citizen.  A cause of action is available against private parties only in certain narrowly defined situations, none of which is applicable here. See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Neither of the defendants is a state actor.  Plaintiff does not dispute this principle.  He did not offer any argument or evidence to counter defendants' motion to dismiss his Section 1983 claim.

Accordingly, his Section 1983 claim is dismissed with prejudice.

Defendants argue that plaintiff's Title VII claim is time barred. On October 22, 2008, the Equal Employment Opportunity Commission ("EEOC") issued plaintiff a right to sue letter, which informed plaintiff of his right to file a lawsuit and stated, "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." Declaration of Walter Barton, (Dkt. #26), Ex. 3 (emphasis in original). The second page of the right to sue letter repeated that admonition. <u>Id.</u> It is undisputed that plaintiff had until January 23, 2008 to file his complaint. 42 U.S.C. § 2000e-5(f)(1). However, he did not file this action until June 2, 2008.

On December 28, 2007, plaintiff filed suit against defendants and the case was assigned to the Honorable James L. Robart (plaintiff's "first suit"). Plaintiff's first suit was dismissed without prejudice on March 31, 2008 after the court denied plaintiff's request to proceed *in forma pauperis* and plaintiff failed to pay the filing fee. Case No. C07-2058JLR (W.D. Wash. March 31, 2008). Plaintiff has not challenged the dismissal in that case, sought to vacate the judgment, or filed an appeal. Instead, he later filed the present action, which asserts the same claims as in the first suit.

Plaintiff filed this action well after the ninety-day period expired. Plaintiff nevertheless argues that his complaint should be considered timely because he did not receive three orders in his first suit: (1) a January 7, 2008 order from Magistrate Judge Mary Alice Theiler notifying him that his application to proceed *in forma pauperis* ("IFP") was deficient and warning him that failure to respond to the order could result in the denial of IFP status; (2) Judge Theiler's February 12, 2008 order notifying plaintiff that because he did not correct the IFP deficiency, his application to proceed IFP was denied; warning plaintiff that the action could continue only if he paid the filing fee within thirty days; and (3) Judge Robart's March 31, 2008 order dismissing plaintiff's complaint for failure to pay the filing fee (collectively, the "three orders").

ORDER REGARDING MOTION
FOR SUMMARY JUDGMENT - 3

1  The Court cannot undo any order filed in the first suit or somehow vacate the dismissal.[1]
2  Instead, the Court must determine (1) whether plaintiff's Title VII claim in this case was timely
3  filed, and undisputedly it was not; and (2) whether any principle counsels against dismissal.
4  Although plaintiff does not use the term, he essentially argues that the limitations period should
5  be equitably tolled.[2]  Solely for purposes of this motion, the Court will assume, as plaintiff
6  apparently does, that if he had received the three orders, he would have responded to them, paid
7  the filing fee, and his case would not have been dismissed.

The 90-day filing deadline is subject to equitable tolling.  See, e.g., Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1174 (9th Cir. 1986).  The doctrine applies when plaintiff has demonstrated diligence in pursuing his or her claim, there was no evidence of prejudice to defendant, and tolling would be consistent with the remedial purpose of Title VII.  Id. at 771.  In this case, the issue hinges on the first element.  Plaintiff failed to respond to any of the three orders in the first suit, he did not meet the requirements to proceed IFP, and he never paid the filing fee, ultimately resulting in dismissal.

Nevertheless, plaintiff argues that his failure to receive the three orders was the result of the court's clerical error.  Plaintiff is incorrect.  In fact, the court sent the three orders to plaintiff in care of USA Paralegal Services, which was one of the two addresses plaintiff listed on his complaint in the first suit.  Case No. C07-2058JLR (Dkt. #1, Complaint, listing two addresses:

---

[1] In one of the many declarations plaintiff filed in this case, he appears to blame court staff for his failure to pursue any remedies he might have had in first suit.  He states that after he learned of the dismissal, he "inquired from the Court about what this meant for me . . . namely, did I have any recourse or options?"  Declaration of Mohamed Abdelkadir, (Dkt. #37) at p. 1. Court staff, however, is not obligated to give legal advice to any party.  Rather, parties are responsible for analyzing and making their own strategy decisions.

[2] Plaintiff does not argue that equitable estoppel should apply, nor does he show that defendants somehow prevented him from timely bringing his claim.  See, e.g., Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000) ("Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit").

ORDER REGARDING MOTION
FOR SUMMARY JUDGMENT - 4

"C/O USA Paralegal Services, [street address] OR P.O Box 25794"). The USA Paralegal Services address was the first address plaintiff listed in the caption under his name; it was also the only address in the footer of his pleading and on both of his summonses.[3] The court did not err in sending the three orders to the address plaintiff himself provided. Plaintiff argues that the court somehow should have known that the C/O USA Paralegal Services address was incorrect because

> this Honorable Court was aware that the Paralegal Service Provider, Kevin Gregory Johnson, was arrested on or about January 18, 2008 without charges and remained in custody until May 31, 2008, thereby making anything sent to his office, for all intent and purpose [sic], not delivered to plaintiff.

Declaration of Counsel Pro Se Mohamed Abdelkadir, (Dkt. #33) at ¶ 6. Plaintiff has not provided any evidence to show that the court knew that Kevin Gregory Johnson was in custody, that he was "USA Paralegal Services," or that mail sent to that address would not reach plaintiff despite plaintiff's representation to the contrary. Regardless, plaintiff was responsible for notifying the court that the address he provided was no longer appropriate, but he failed to do so. Local Rule 10(f) ("any party not represented by an attorney must notify the court, by praecipe, of any change in address or telephone number. Such notice must be received by the clerk's office within ten days of the change"). Finally, plaintiff has not explained why he failed to act on the first order, sent January 8, 2008, notifying him that his IFP application was deficient. Based on his failure to respond to the three orders or keep the court apprised of his current address, plaintiff has not shown that the limitations period should be tolled.

Moreover, the fact that plaintiff timely filed his first complaint does not save this complaint. The complaint in this action does not relate back to the date the first complaint was filed because the second complaint is not an amendment to the first complaint. Rather, it was a separate filing. See O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (explaining

---

[3] The court is not responsible for mailing copies of orders to multiple addresses for the same individual. Nor would such a practice be prudent for an institution funded by the taxpayers.

ORDER REGARDING MOTION
FOR SUMMARY JUDGMENT - 5

that plaintiff's Title VII claim was time barred, even though she filed her first complaint within ninety days, because the first complaint was dismissed without prejudice and the second complaint was a separate filing that did not relate back). Plaintiff argues that he is *pro se*. However, the plaintiff in *O'Donnell* was also *pro se*, but was held to the ninety-day deadline.[4] In addition, the EEOC's warnings about the deadline were clear and explicit.

Accordingly, plaintiff's Title VII claim is dismissed.

**C.    Plaintiff's State Law Claims and Supplemental Jurisdiction.**

Having dismissed the only federal claims in this action and because the parties are not diverse, the Court must decide whether to exercise supplemental jurisdiction over plaintiff's remaining state law claims for discrimination and breach of contract. "A federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)." Acri v. Varian Assocs., 114 F.3d 999, 1000 (9th Cir. 2000) (en banc). If the federal claims are dismissed before trial, the state law claims "should" be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (19666). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Courts also consider the values "of economy, convenience, fairness, and comity." Acri, 114 F.3d at 1001.

The statute provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

---

[4] Even if the doctrine of equitable tolling were available on the merits, which it is not, it is unclear how it could save plaintiff's claim. The fact that plaintiff timely filed his first complaint "'does not 'toll' or suspend the 90-day limitations period.'" O'Donnell, 466 F.3d 1104, 1111 (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Rather, equitable tolling stops the running of the clock for a specific period of time. Id. In this case, even if plaintiff ceased receiving notices after January 18, 2008, the limitations period had already run by the time the court sent out the next two orders, which plaintiff alleges he did not receive. Therefore, equitable tolling would not save his Title VII claim. Id.

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, the Court has dismissed all claims over which it had original jurisdiction. Some factors weigh in favor of declining to exercise supplemental jurisdiction: this case was recently filed, defendants filed their motion for summary judgment shortly thereafter, the parties are in the early stages of discovery, the Court has not held any hearings or heard oral argument on the matter, and it has not considered any motion involving the state law claims. Despite these factors, another factor, which neither party addressed in its briefing, weighs heavily against dismissal. Plaintiff was discharged in August 2005, and the alleged harassment occurred earlier than that. Claims under the Washington Law Against Discrimination, RCW 49.60 *et seq.*, have a three-year statute of limitations. See, e.g., Antonius v. King County, 153 Wn.2d 256, 261-62 (2004). Therefore, if the Court were to dismiss the state law claims, there is a very real possibility that plaintiff would be precluded from pursuing the discrimination claim in state court. In addition, the state law claims do not present novel issues of state law. For these reasons, the Court will exercise supplemental jurisdiction over the remaining state law claims. See Notrica v. Bd. of Supervisors, 925 F.2d 1211, 1214 (9th Cir. 1991) (explaining that when considering "fairness to the litigant," a court should consider whether dismissal of pendent claims would prevent plaintiff from refiling them in state court).

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART defendants' motion for summary judgment (Dkt. #24). Plaintiff's claims under Title VII and Section 1983 are dismissed. The Court will exercise supplemental jurisdiction over plaintiff's

1 | remaining state law claims.

3 | DATED this 30th day of September, 2008.

_____
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION
FOR SUMMARY JUDGMENT - 8